SHELTON MOORE, AND WIFE, MARILYN MOORE, CHARLES R. CRADDOCK, AND WIFE, ALTHEA W. CRADDOCK, CHARLES C. ASBY, III, BELMONT MOORE, EDWARD W. LUCAS, AND WIFE, ALENE M. LUCAS, KEMP LEGGETT, AND WIFE, ALICE J. LEGGETT, JOSEPH F. RHEM, AND WIFE, DESSIE H. RHEM, DANNY LEE EDWARDS, LUTHER D. BAILEY, AND WIFE, LORETTA H. BAILEY, ROY BUCK, SALLIE BEACHAM, NORA McGOWAN, TERRIA H. WILLIAMSON, HARVEY L. CRISP, JAMES TAYLOR, MELVIN D. WEATHERINGTON, JR., ELIZABETH L. WATSON, J. W. JENKINS, CLEON LATHAM, AND WIFE, SARAH B. LATHAM, H. EARL GASKINS, AND WIFE, EVELYN H. GASKINS, AND MARVIN L. MASON v. G. T. SWINSON, LILLIE L. PITTMAN, AND JAMES R. VOSBURGH, MEMBERS OF THE BEAUFORT COUNTY BOARD OF ELECTIONS; AND HUBERT R. JOHNSON, TAX COLLECTOR OF BEAUFORT COUNTY

No. 812SC1055

(Filed 7 September 1982)

**Elections § 2— newly annexed area—no right to vote in sewer bond referendum**
> Persons living in a newly annexed area were not entitled to vote in a municipal sewer bond referendum held after the annexation but before the expiration of the sixty-day period for preclearance of the resultant voting change in the municipality by the Attorney General pursuant to 42 U.S.C. § 1973(c), since the federal statute preempted all other provisions regarding the right of persons annexed to vote in the bond election, including those of G.S. 160A-49(f).

APPEAL by plaintiffs from *Peel, Judge.* Order entered 12 August 1981 in Superior Court, TYRRELL County. Heard in the Court of Appeals 24 May 1982.

This action was instituted 3 August 1981 by residents of an area west of and adjacent to the city limits of Washington, seeking an injunction and a declaration of their right to vote in the 11

August 1981 Sewer Bond Referendum conducted in that city. Plaintiffs alternatively sought a writ of mandamus directing defendants to permit them to cast ballots; or, in the alternative, a declaration that the special election was null and void. The cause came on for hearing before Judge Peel on 5 August 1981.

The trial court found:

6. That plaintiffs and defendants stipulated to the following facts for the purpose of this hearing only:

. . .

c. That pursuant to the procedure set forth in N.C.G.S., Section 160A-49, the City Council for the City of Washington, North Carolina, passed an ordinance annexing into the City of Washington an area west of the then existing city limits, said area being both north and south of U.S. Highway 264 West and extending to Cherry's Run.

d. That the ordinance referred to in subparagraph (c), above, was passed on June 8, 1981, and effective as of June 30, 1981.

e. That plaintiffs, live in and own real and personal property in the area described in subparagraph (c), above.

f. That the area described in subparagraph (c), above, will become subject to ad valorem taxes imposed by the City of Washington and said taxes will be collected by the Beaufort County Tax Collector.

g. That by unanimous vote on June 8, 1981, the City Council of the City of Washington, following a public hearing, approved a bond order entitled "Bond Order Authorizing the Issuance of $1,600,000 Sanitary Sewer Bonds of the City of Washington" and by resolution the City Council specified that said bond order, including the levy of a tax for the payment thereof, would be submitted to the qualified voters of the City of Washington at an election to be held on August 11, 1981.

h. That the defendants G. T. Swinson, Lillie L. Pittman, and James R. Vosburgh are the appointed members of

the Beaufort County Board of Elections and are residents of Beaufort County.

i. That the plaintiffs have been and are registered voters with the Beaufort County Board of Elections and are fully qualified to vote in all county, state and national elections.

j. That by unanimous vote of June 16, 1981, the defendants, G. T. Swinson, Lillie L. Pittman, and James R. Vosburgh, as members of the Beaufort County Board of Elections, ruled that the voters living in the area described in subparagraph (c), above, could not vote in the August 11, 1981 Special Sanitary Sewer Bond Election.

k. That on August 11, 1981, the defendants G. T. Swinson, Lillie L. Pittman, and James R. Vosburgh, as members of the Board of Elections, will conduct and supervise a Special Sanitary Sewer Bond Election to be held in the City of Washington, North Carolina.

l. That the sample ballot for the election attached to the complaint is a true and accurate copy of the ballot to be used for the August 11, 1981 Special Sanitary Sewer Bond Election.

m. That the question to be answered by voters participating in the election is:

"Shall the order authorizing $1,600,000 of bonds secured by a pledge of the faith and credit of the City of Washington to pay capital costs of improving waste water treatment facilities, including the acquisition and installation of machinery and equipment required therefor and the acquisition of land or rights-in-land required therefor, and a tax to be levied for the payment thereof, be approved?"

7. That Beaufort County, North Carolina, and the City of Washington, North Carolina, are subject to The Voting Rights Act of 1965 and the regulations promulgated thereunder.

8. That plaintiffs have failed to show that they were or are entitled to a preliminary injunction preventing the defendants G. T. Swinson, Lillie L. Pittman and James R. Vosburgh from conducting the August 11, 1981 Special Sanitary Sewer Bond Election.

9. That plaintiffs have failed to show that they were or are entitled to a writ of mandamus directing G. T. Swinson, Lillie L. Pittman and James R. Vosburgh to permit the plaintiffs to vote in the August 11, 1981 Special Sanitary Sewer Bond Election.

10. That plaintiffs have failed to show that they were or are entitled to a declaratory judgment that their exclusion from the August 11, 1981 Special Sanitary Sewer Bond Election is in violation of rights afforded to them under the Constitutions of the State of North Carolina and/or the United States of America or of the rights provided them under the laws of the State of North Carolina.

11. That plaintiffs have failed to show that they will suffer immediate and irreparable injury, loss or damage if they are excluded from the August 11, 1981 Special Sanitary Sewer Bond Election.

The court denied plaintiffs' request for relief at the hearing on 5 August. Plaintiffs' appeal from the court's order, filed 17 August, denying declaratory or injunctive relief, or a writ of mandamus.

*Herman E. Gaskins, Jr., for plaintiff appellants.*

*McMullan and Knott, by James B. McMullan, Jr., for defendant appellees.*

MORRIS, Chief Judge.

Plaintiffs argue, by the two assignments of error brought forward, that the laws and Constitution of this State and the United States Constitution mandate their entitlement to vote in the sewer bond referendum of 11 August 1981, and that their exclusion from participation therein was an abridgement of a fundamental right resulting in their immediate and irreparable injury.

It was stipulated that plaintiffs lived in the annexed area and that they were qualified registered voters at the time the lawsuit was commenced. Plaintiffs concede that Section 5 of the Voting Rights Act of 1965, specifically 42 U.S.C. § 1973(c), requires that the annexation expanding the number of voters be approved by the Attorney General within 60 days after submission of the proposed change to him, and that because the 60-day period beginning on the day of annexation had not expired by 11 August, under the federal law alone they may have been properly excluded. See *City of Rome, Ga. v. United States*, 472 F. Supp. 221 (D.L.D.C. 1979), *aff'd* 446 U.S. 156, 100 S.Ct. 1548, 64 L.Ed. 2d 119, *reh. den.* 447 U.S. 916, 100 S.Ct. 3003, 64 L.Ed. 2d 865 (1980). Plaintiffs contend, however, that because they became citizens of the City of Washington on 30 June 1981, G.S. 160A-49(f) enfranchised them in time to vote on 11 August. That section reads in part:

> From and after the effective date of the annexation ordinance, the territory and its citizens and property shall be subject to all debts, laws, ordinances and regulations in force in such municipality and shall be entitled to the same privileges and benefits as other parts of such municipality.

Plaintiffs also invoke the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and Article 1, Sections 8 and 19 of the North Carolina Constitution. They maintain that 42 U.S.C. § 1973(c) does not override these protections of state and federal law, and that compliance with all of the laws required that no election be held during the first 60 days after annexation. Although we agree that plaintiffs became citizens of Washington upon annexation, we hold that 42 U.S.C. 1973(c), which was designed, in part, to enforce the Fifteenth Amendment, preempts all other provisions regarding the right of those annexed to vote in the 11 August bond referendum. Plaintiffs, therefore, were properly denied access to the polls on that day.

The case of *Dotson v. City of Indianola*, 514 F. Supp. 397 (N.D. Miss. 1981), is instructive. In that case a series of annexations added new eligible voters to the electoral base of Indianola, Mississippi, and it was acknowledged by the parties, as it was in the case at bar, that the increase in the number of voters in the

municipality are changes of a voting qualification, prerequisite, standard, practice, or procedure requiring preclearance as contemplated by Section 5 of the Voting Rights Act. Judge Clark, writing for the three-judge Indianola court, wrote that until the city obtained clearance of its post-Act annexations in accordance with Section 5,

> *all future elections must be conducted on the basis of the city boundaries as they existed before the unprecleared annexations were made, and citizens residing in such annexed areas may not participate in future municipal elections*, either as electors or as candidates. . . . This relief applies only to the right to vote and be a candidate. It does not, of course, constitute de-annexation, and it does not affect the rights of citizens residing in the annexed areas in any other way.

(Emphasis added.) *Id.* at 403. We are in accord with the reasoning of the Indianola opinion and we deem it dispositive of the issue whether plaintiffs were entitled to vote in the 11 August sewer bond referendum, held after annexation but before the period for preclearance of the resultant voting change by the Attorney General had expired.

Nor did plaintiffs suffer abridgement of a fundamental right or injury by their exclusion as voters from the 11 August election. Said the Rome Court:

> "We need not decide whether the right to vote in a municipal election when that election is regularly scheduled can ever be deemed a fundamental right protected by the Constitution. For even if fundamental interests were at stake, we believe section 5 of the Act is justifiable as advancing the compelling national interest of enforcing the Fifteenth Amendment. . . ."

(Citation omitted.) *City of Rome, Ga. v. United States*, supra, at 242. We conclude that the trial court acted properly in finding that plaintiffs suffered no immediate or irreparable injury, loss or damage by their exclusion from the election.

The judgment of the trial court is

Affirmed.

Judges MARTIN and BECTON concur.